Gay v. The State.

---

## Thomas A. Gay v. The State.

See what is said in this case, as to a *scire facias* against bail, on a forfeited bond or recognizance, not being a civil action, but in the nature of a criminal proceeding.

In a bond or recognizance for the appearance of a party to appear and answer to a criminal charge, the undertaking of the bail is an original undertaking for the appearance of his principal, to answer to the indictment; and hence, if he does not have his principal in Court, according to his undertaking, he forfeits his recognizance, and it becomes a debt of record, and he a principal judgment debtor, as between himself and the State; therefore, the statute which prevents the plaintiff from dismissing as to a principal not found, and proceeding to judgment against the surety, is not applicable to a suit or *scire facias* on a forfeited recognizance or bond.

Where a *scire facias* was directed to the Sheriff or any legal officer of the county,

Gay v. The State.

and was returned by one who signed his name as a Constable, stating that there is no Sheriff or Coroner in the county, upon which judgment was rendered by default, it was held that the service was sufficient on error.

A bond or recognizance to answer a charge of "stealing two bushels of corn, the property of one Archibald Cone," is good.

Error from Guadalupe. Tried below before the Hon. Thomas H. DuVal.

*Scire facias* on the forfeited bond of Robert M. Fore, Thomas A. Gay and Floyd Layton for the appearance of said Fore to answer an indictment for "stealing two bushels of corn, the property of one Archibald Cone," as recited in the bond. The bond recited the indictment of said Fore, and his apprehension by the Sheriff upon a *capias*, and was taken and approved by the Sheriff. The *scire facias* was directed to the Sheriff or any legal officer of said county, and was returned by "Sam'l Beckman, Constable," as received by him and executed by delivering copies to said Gay and Layton, "there being no Sheriff or Coroner in the county." No return as to Fore. The case was continued, and a *scire facias* to Bell county was returned to next Term, not found. Several Terms afterwards, the District Attorney dismissed the *scire facias* as to Fore, and took judgment by default against Gay and Layton. Execution being levied upon the property of Gay, he prosecuted this writ of error.

*J. Ireland*, for plaintiff in error. This is a civil action, and the fact of the suretyship of appellants appears in the bond. This question was considered (as between individuals) at the last Term of this Court at this place in the case of "Campbell & Son v. Beckwith," not yet published.

Upon the authority of that case, I insist that this must be reversed.

II. The other point upon which I rely is, there was no service on the appellants, and that the judgment is therefore void. The case of Oliphant v. Dallas is not like this case. In that case, the citation was directed to the Coroner, and this was his authority for serving it. It was evidence that there was no Sheriff. (15 Tex. R. 138.) Nor is this like the case of Kirk v. Murphy; in that case the Court was informed that the Sheriff was a party. (16 Tex. R. 654.) Nor is it like the case of Wilson v. Powell. (Id. 59.) In that case the fact was made known to the Court below,

and if the facts justified the action of the Coroner, it was proper to sustain his service. But in all the cases decided on this point it will appear that the Clerk knew of his own knowledge that there was no Sheriff, or that the point was made, or the facts could be seen from the records. Not so in the case at bar. The cases that have been before this Court are where the Coroner has acted. In this case a Constable made the service. He (unlike a Coroner) has never performed the duties of Sheriff except by special authority, as he may do here under certain circumstances. (Art. 165, Hart. Dig.) The Clerk may direct to, and the Constable may serve the process. In this case the process shows there was a Sheriff, for it is directed to him. Here is an affirmative fact shown which would render the Constable incompetent; and again, he can only execute where it is directed to him. It may be said the Constable's return shows that there was no Coroner or Sheriff; but an officer's return is only evidence of facts which he is required to state. (Hirst v. Miller, 4 Bibb, 311; Governor v. Bell, 3 Murphy (N. C.) R. 331;·Williams v. Mead, 11 Wend. 80.)

III. There is no offence set out in the bond. The statute was, "steal, take, and carry away," here it is "steal." (Hart. Dig. Art. 524; Tomlin's Law Dictionary.)                                .

*Attorney-General,* for defendant in error. I. On the first point presented, we refer the Court to 8 Serg. & R. 154; 15 Ala. 431.

II. It is difficult to perceive any difference between this and the three cases, (15 Tex. 138; 16 Tex. 59; Id. 654,) so far as relates to the real principle at bottom. They all depend upon the settled doctrine that all reasonable presumptions shall be indulged in favor of the acts of officers.

The true rule undoubtedly is, that any such objection is matter of abatement, and in the absence of all proof to the contrary it will be presumed that the officer possessed the necessary authority.

III. I suppose it unnecessary to say anything upon the third objection presented by the brief of appellant.

WHEELER, J. A suit on a forfeited recognizance, conditioned for a party's appearance to answer to an indictment, it has been held, is not a civil action. (Commonwealth v. The County Commissioner, 8 Serg. & R. 151.) It is, it is said, of a criminal

Gay v. The State.

nature, "an instrument to coerce the appearance of the accused to take his trial—a power incident to every criminal Court; a power to commit to prison, to deliver on the recognizance into the custody of the bail; these manucaptors being his jailers, and he constantly in a state of commitment. Though the action is not directly to punish the offender, yet it partakes of punishment for an offence against the State, and is not in the nature of a violation of a contract. Besides, a recognizance is a matter of record, and when forfeited, it is in the nature, in some respects, of a judgment of record." (Id. 154.) It is an obligation of record; and differs from another bond in this, that it is the acknowledgment of a debt upon record. (5 Tex. R. 271; 2 Bl. Com. 341.) Such being the nature of a recognizance, the statutory provision which forbids the taking of judgment against the sureties, after a discontinuance as to the principal in a civil suit upon a contract, is not applicable to this proceeding. Besides, in a recognizance the relation of principal and surety does not exist as in other bonds or contracts. The surety differs from bail in this, that the latter actually has, or is by law presumed to have, the custody of his principal, while the former has no control over him. The bail may surrender his principal in discharge of his obligation; the surety cannot discharge himself by such surrender. The undertaking of the bail is an original undertaking for the appearance of his principal, to answer to the indictment; and hence, if he does not have his principal in Court according to his undertaking, he forfeits his recognizance, and it becomes a debt of record, and he a principal judgment debtor, as between himself and the State. There was, therefore, no error in adjudging a forfeiture as to the bail, although the State dismissed the proceeding as to the principal cognizor.

As to the service of process by the Constable, we think his having acted is to be deemed *prima facie* evidence, that the state of fact existed, which rendered it proper for him to serve the process. He was as competent as the officer who issued the process, to ascertain the existence of the fact, and to show, by his return, its existence. It is to be taken that he had authority until his authority is disputed. (16 Tex. R. 654–59; 15 Id. 138.)

It sufficiently appears by the recognizance, that the party was charged with an indictable offence. The word "stealing," in legal parlance, imports a larceny; and "stealing two bushels of corn" is an indictable offence.

The judgment is affirmed.

Judgment affirmed.