GEORGE STEPHENS ET AL. v. THE STATE.

No. 3520.    Decided December 12, 1906.

**1.—Scire Facias—Offense Must be Named—Local Option.**

Where in a scire facias proceeding in the county court no offense was named in the bond, in the nisi judgment, or the judgment final, except that it stated the offense: "violating the local option law," the bond and judgment were insufficient. This is not an offense eo nomine.

**2.—Retaxing Costs in Scire Facias.**

Where upon appeal from the county court to this court, a scire facias case was reversed and dismissed, and a judgment rendered on the bail bond in this court against the principal and the sureties for costs, and thereupon on motion to retax costs the plaintiff in error claimed that he was not liable for costs on said bail bond. Held, that the clerk is entitled to his costs as if the judgment had been affirmed, and the rule in civil cases governs. However, as the clerk is entitled to such fees only as in civil cases the costs will be retaxed.

Writ of error from the County Court of Johnson. Tried below before the Hon. J. D. Goldsmith.

Appeal from a judgment on scire facias proceedings in a local option case. Also motion to retax costs.

The opinion states the case.

*S. C. Paddleford,* for plaintiff in error.—U. S. v. Sauer, 73 Fed. Rep., 676; Davis v. State, 82 S. W. Rep., 512.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—This is a writ of error from the County Court of Johnson County. It appears to have been sued out in proper time and a supersedeas bond executed. (Art. 927, Code Crim. Proc., art. 1389, Rev. Civ. Stat.)

Appellant insists that the judgment should be reversed against the principal and sureties in the final judgment on the scire facias proceedings in the county court, because no offense is named in the bond in the nisi judgment or the judgment final. The offense named in said proceedings is "violating the local option law." This is not an offense eo nomine, nor does the language used describe an offense. Parish v. State, 11 Texas Ct. Rep., 130. The judgment is accordingly reversed, and being in such condition as that the State cannot recover on the same, said case is ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.

### .ON MOTION TO RETAX COST.

#### February 13, 1907.

HENDERSON, Judge.—This is a scire facias case, and was reversed and dismissed at the last Tyler Term because of the insufficiency of the bail bond. It was held that the defect in the bond was such that a recovery thereon was not authorized, and the same being void and of no effect, the case was dismissed. The judgment was rendered on the bail bond in this court against principal and his sureties in said bond for costs amounting to $12, which included the clerk's costs of $10, and a fee of one dollar for issuing an execution, and fee of one dollar for return thereof. Appellant now seeks to retax the costs, and his insistence is that the principal and his sureties in said writ of error and bail bond are not liable for costs, they having prevailed. We do not agree to this contention. It has been held in this court that although a case may be dismissed for a defective recognizance in a criminal case, still the clerk is entitled to his cost just as if the judgment had been affirmed, and the sureties on his recognizance are also liable. This is in the nature of a civil case, and is governed according to the rules of practice in such cases. In civil cases we understand that each party is responsible for his cost, but the plaintiff can be made primarily responsible for all the costs; in an appellate proceeding parties prosecuting the appeal and making the bond are primarily responsible and the officers can collect their costs on such bond. There is no law, so far as we are advised, with reference to cost of appellate court in scire facias cases originating in criminal prosecution. The action of the court below having been reversed; it occurs to us, that the appellant, or plaintiff in writ of error and the

sureties are primarily responsible to the clerk and the officers of this court on the appeal bond for all the costs accruing in this court. This, it would appear, must be governed by the rules regulating costs in civil cases. We do not find that the clerk is entitled in such cases to a lump sum of $10 as a fee, and we do not believe he would be entitled to such fee as in a criminal case, but he would be entitled to such fees only as are allowed the same character of service in civil cases, and we so hold and order the costs to be retaxed in accordance herewith. We would suggest to the Legislature that the matter of fees in scire facias cases should be regulated by legislation.

*Costs retaxed.*