(86 Tex. Cr. R. 322)

### SAUNDERS et al. v. STATE.  (No. 5604.)

(Court of Criminal Appeals of Texas.  Dec. 3, 1919.)

**1. JUDGMENT ☞17(1)—JUDGMENT ON BAIL BOND AGAINST SURETIES NOT SERVED.**

Where there are more parties than one on a bail bond and sureties have not all been served, a judgment cannot be rendered against them even by default, unless judgment dismisses as to parties not served, and renders judgment against those served.

**2. BAIL ☞93—JUDGMENT MUST DECREE SURETIES JOINTLY AND SEVERALLY LIABLE.**

A judgment against sureties on bail bond must follow the statute and decree sureties jointly and severally liable, and it is not enough to render judgment only specifically against each surety for the amount stipulated in the bond.

**3. BAIL ☞58—RECITAL IN BOND AS TO OFFENSE.**

A bail bond, reciting that principal stood charged "with offense of selling liquors in violation of the local option law," is not sufficient.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Scire facias on bail bond by the State against Owen Saunders and others.  Judgment for plaintiff, and defendants appeal.  Reversed, and cause remanded.

See, also, 217 S. W. 949.

J. T. Adams, of Gainesville, for appellants.
Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.  **[1]** This is a scire facias case.  The record discloses that the principal gave bond, which was forfeited.  None of the sureties were served by citation to answer the forfeiture except one, but judgment final was taken against all of the sureties.  The authorities sustain the proposition, contended for by appellants, that where there are more parties than one on the bond, and the sureties have not all been served, a judgment cannot be rendered against them, even by default.  Some disposition must be made in the judgment of those not served.  This is done by a dismissal of those not served if a judgment is desired to be taken against those who were served.  A final judgment, under such circumstances, cannot be rendered, and especially as against those who are not served.

**[2]** It is contended also that the judgment is fatally defective in its recitals, in that it made the bond final for the $500 stipulated in the bond against each party.  We are of opinion the judgment does not comply with the law.  The sureties are jointly and severally liable, but the judgment must so decree.  It is not sufficient that it renders a judgment only specifically against each surety for the amount stipulated in the bond.  All of the sureties are as well jointly liable for the amount.  They are also severally liable but the judgment must follow the terms of the statute.  This is a statutory bond.

**[3]** It is also contended that the bail bond was not sufficient.  The recitation of the offense in the bail bond was that the principal stood charged "with the offense of selling liquor in violation of the local option law."  This is not sufficient.  There are quite a number of adjudicated cases holding that such is not a sufficient recitation of the offense for violation of the local option law.  See Stephens v. State, 50 Tex. Cr. R. 531, 98 S. W. 859, 99 S. W. 1122; Cravey v. State, 26 Tex. App. 84, 9 S. W. 62; Anderson v. State, 201 S. W. 994.  It is necessary that the scire facias shall state the offense with which the principal is charged, and, unless this is done, final judgment cannot be correctly rendered upon the bond.

For the reasons indicated, the judgment will be reversed, and the cause remanded.