**SAFETY NATIONAL CASUALTY CORPORATION (Agent Michael W. Cox), Appellant,**

v.

**The STATE of Texas.**

**Nos. PD–0245–09, PD–0246–09.**

Court of Criminal Appeals of Texas.

March 3, 2010.

[TRIAL COURT]: Well, we'll use the word          "ill-advised"....

Ken W. Good, Tyler, for Appellant.

Michael N. Butera, Asst. District Atty., Houston, Jeffrey L. Van Horn, State's Atty., Austin, for State.

## *OPINION*

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, JOHNSON, HERVEY, and COCHRAN, J.J., joined.

The First Court of Appeals held that it is proper to require appellant to pay civil filing fees in bond-forfeiture cases on appeal.[1] Based on a historical evaluation of Article 44.44, Texas Code of Criminal Procedure and our judiciary's history, we hold that civil filing fee statutes do not apply in such cases. Because the court of appeals erred, we reverse its judgment and remand the case for further proceedings consistent with this opinion.

## Background

The First Court of Appeals in Houston reversed the trial judge's interest calculation on two bond-forfeiture judgments rendered against Safety National Casualty Corporation (Safety National).[2] Both parties petitioned us for review, challenging the court of appeals's treatment of the cases.[3] The parties challenged the court of appeals's docketing of the case as a civil case, assessment of civil-case costs against the State, and assessment of appellate filing fees.[4]

The court of appeals issued a supplemental opinion addressing these issues and reformed its judgment. Considering the third issue, the issue now before us, the court of appeals held that civil appellate filing fees should be assessed in criminal bond-forfeiture cases.[5] In doing so, it relied on the Waco Court of Appeals decision in *Olivarez v. State.*[6] In that case, the Waco court recognized that Article 44.44 of the Texas Code of Criminal Procedure states that the civil appellate rules apply to bond-forfeiture appeals.[7] The Waco court also noted our decision in *Dees v. State*, in which we stated that under Texas Code of Criminal Procedure Article 22.10, "civil court costs may be assessed in a bail-bond forfeiture proceeding."[8] The Houston Court of Appeals then rejected Safety National's reliance on an advisory opinion rendered by the Attorney General. The Attorney General determined that a bond-forfeiture proceeding is not a "civil suit" within the meaning of the applicable fee and cost statutes.[9] Finally, summarizing its determination, the First Court stated, "If we were to assess only the same costs that are assessed in criminal cases, we would not be abiding by the statutory requirement that after entry of a judgment nisi, bail bond-forfeiture proceedings 'shall be governed by the same rules governing other civil suits.' "[10]

1. *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 730 (Tex.App.-Houston [1st Dist.] 2008).

2. *Safety Nat'l Cas. Corp. v. State*, 261 S.W.3d 160, 162 (Tex.App.-Houston [1st Dist.] 2008).

3. *Safety Nat'l Cas. Corp.*, 273 S.W.3d 730.

4. *Id.* at 731.

5. *Id.* at 733.

6. 183 S.W.3d 59, 60–62 (Tex.App.-Waco 2005, *reh'g granted* Feb. 22, 2006).

7. *Id.* at 60 (citing Tex.Code Crim. Proc. Ann. art. 44.44 (Vernon 1979); *McCluskey v. State*, 64 S.W.3d 621, 623 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Dees v. State*, 865 S.W.2d 461, 462 (Tex.Crim.App.1993)).

8. *Dees*, 865 S.W.2d at 462.

9. *Op. Tex. Att'y Gen. No. GA–0486*, 2006 Tex. AG LEXIS 99 (Nov. 21, 2006).

10. *Safety Nat'l Cas. Corp.*, 273 S.W.3d at 734 (quoting Tex.Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2008)).

### Safety National's Amended Petition for Discretionary Review

Following the Houston court's supplemental opinion, Safety National filed amended petitions for discretionary review. We granted review to determine whether the court of appeals erred in holding that it is proper to charge civil-appellate filing fees in criminal bond-forfeiture cases. Safety National urges us to adopt the position taken by the Attorney General and hold that civil filing fees do not apply to appeals in bond-forfeiture cases. Safety National argues that the statutes regulating filing fees in civil cases apply only to civil cases. Conversely, the State urges us to adopt the position taken by the Houston court and hold that civil filing fees apply to bond-forfeiture cases on appeal.

Safety National also addresses the imposition of civil filing fees in the trial court. That issue is beyond the scope of this case, however. Safety National neither lodged an objection on this basis in the trial court, as far as we can tell, nor raised this claim in the court of appeals.

### Analysis

It is well settled that an appeal from bond-forfeiture proceeding originating in a criminal case is a criminal matter, not a civil matter, with final state-court jurisdiction vested in this Court.[11] To determine whether civil appellate filing fees apply to bond-forfeiture proceedings, we turn to Articles 44.42 and 44.44 of the Texas Code of Criminal Procedure, which govern appellate review in such cases.[12] Article 44.42, titled "Appeal on forfeitures," permits a defendant or the State to appeal "from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such a judgment is for twenty dollars or more, exclusive of court costs, but not otherwise."[13] Next, Article 44.44, governing rules in forfeiture appeals, explicitly refers to Article 44.42 and states that an appeal "shall be regulated by the same rules that govern civil actions...."[14] Despite this seemingly plainly broad proviso, not all rules governing civil actions are necessarily encompassed by it.[15] So to determine whether "rules that govern civil actions" includes civil appellate fees, we examine Article

11. *State v. Sellers,* 790 S.W.2d 316, 321 (Tex. Crim.App.1990); *Jeter v. State,* 86 Tex. 555, 26 S.W. 49, 49–50 (1894).

12. *See also* Tex.Code Crim. Proc. Ann. art. 44.43 (a final judgment in a bond forfeiture cases entered by a court other than a justice or corporation court may be reviewed "upon writ of error.").

13. Tex.Code Crim. Proc. Ann. art. 44.42 (Vernon 2006); *Sellers,* 790 S.W.2d at 318–19 ("Article 44.42 ... should no longer be read ... to preclude a State's right to appeal in bond forfeiture cases....").

14. Tex Code Crim. Proc. Ann. art. 44.42 (Vernon 2006).

15. *See e.g., Rodriguez v. Marquez,* 4 S.W.3d 227, 227 (Tex.Crim.App.1999) (holding that a civil removal statute in the Government Code does not apply to bond-forfeiture proceedings because they are criminal in nature); *Sellers,* 790 S.W.2d at 321 (refusing to apply civil rule governing the right to appeal in bond-forfeiture appeal); *Blue v. State,* 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (Tex.Crim.App. 1960) (citing Tex.R. Civ. Pro 2 defining scope of the rules and stating that all statutes governing bond-forfeiture procedures in effect before September 1, 1941 remain in effect unless there is no prescribed rule). *But see Alvarez v. State,* 861 S.W.2d 878, 881 (Tex. Crim.App.1992) (applying civil summary judgment standard in bond-forfeiture proceeding on appeal); *Stephens v. State,* 50 Tex. Crim. 531, 98 S.W. 859, 859 (Tex.Crim.App. 1907) (holding that costs accrued on appeal in bond-forfeiture case regulated by costs applied to civil cases).

44.44's first iteration and relevant fee statutes in effect at that time, keeping in mind the history of our judiciary.

The first predecessor to Article 44.44 was enacted by the Seventh Legislature in 1858.[16] In 1876, our judiciary underwent a radical change. For the first time, it was headed by two high courts—the Supreme Court and the Court of Appeals.[17] The Court of Appeals, our predecessor, acquired appellate jurisdiction over all criminal cases and limited jurisdiction over civil cases.[18] In acknowledgment of this development, the Legislature ordered the Governor to assemble a group of commissioners to issue a report on revising the laws of the State, including the Penal Code and Criminal Code of Procedure, before the next legislative session.[19]

When the Code of Criminal Procedure was reconstructed in 1879 by the Sixteenth Legislature,[20] Article 44.44's second predecessor was recodified as Article 893, Texas Code of Criminal Procedure, and was nearly identical to Article 44.44.[21] Under Article 893, in appeals from a final judgment in bond-forfeiture cases[22] "the proceedings shall be regulated by the same rules that govern the other civil actions where an appeal is taken or a writ of error is sued out."[23]

Safety National challenges the court of appeals's assessment of civil filing fees mandated by Texas Government Code Sections 51.207,[24] 51.208,[25] and 51.941.[26] Because these statutes were not in effect when Article 44.44's first predecessor was enacted, they cannot be traced back to that time to gauge the intent of the Legislature. However, to discern the Legislature's intent, we can look to the Supreme Court's fee statute in effect in 1876 when the Court of Appeals was created. Article 2380 of the Texas Revised Civil Statutes, enacted in 1876, established the fee schedule for the Supreme Court and is an analogue to Sections 51.207, 51.208, and 51.941.[27] As it pertained to the Court of Appeals, Article 2381 stated that "clerks of the court of appeals shall, in civil cases, receive the same fees allowed to clerks of the supreme court for like services."[28]

---

16. Act approved Feb. 5, 1858, 7th Leg., ch. 4, § 738 *a*, 1858 Tex. Gen. Laws, at 243; *see also George W. Paschal, A Digest of the Laws of Texas: Containing the Laws in Force, and The Repealed Laws on which Rights Rest,* Carefully Annotated, art. 3203 (Washington D.C., W.H. & D.H. Morrison, 2nd ed. 1870).

17. Tex. Const. Art. V § 1, eff. Apr. 18, 1876.

18. Tex. Const. Art. V § 6, eff. Apr. 18, 1876; Tex.Code Crim Proc. art. 1068 (1879); *see also* Act approved May 6, 1876, 15th Leg., F.S., ch. V, §§ 1–10, 1876 Tex. Gen. Laws 1, 3–4, *reprinted in 8 H.P.N. Gammel, The Laws of Texas 1822–1879,* at 829–40 (Austin, Gammel Book Co. 1989) (emergency act organizing Court of Appeals).

19. Bar Section, VI Tex. L. Rev. 1 (1927).

20. Act approved Feb. 1879, 16th Leg., R.S., ch. LX, 1879 Tex. Gen. Laws, at 6.

21. Tex.Code Crim. Proc. art. 893 (codified by State Printing–Office 1879), eff. July 24, 1879.

22. Tex.Code Crim. Proc. art. 891 (codified by State Printing–Office 1879), eff. July 24, 1879.

23. *Id.*

24. Tex. Gov't Code Ann. § 51.207 (Vernon 2005); Tex.Rev.Civ. Stat. art. 1011 (1895), *added by* Acts 1893, 23rd Leg., ch. 109, § 1, eff. May 11, 1893.

25. Tex. Gov't Code Ann. § 51.208 (Vernon Supp. 2009), *added by* Acts 2007, 80th Leg., ch. 1408, eff. Sept. 1, 2007.

26. Tex. Gov't Code Ann. § 51.941 (Vernon 2005), *added by* Acts 1997, 75th Leg., ch. 699, § 1, eff. Sept. 1, 1997.

27. Tex.Rev.Civ. Stat. art. 2380 (codified by State Printing–Office 1879).

28. Tex.Rev.Civ. Stat. art. 2381 (codified by State Printing–Office 1879); *see also* Act approved Aug. 23, 1876, 15th Leg., F.S., ch. CLXIV, § 5, 1876 Tex. Gen. Laws 2, 285, *reprinted in 8 H.P.N. Gammel, The Laws of*

Article 2381 clearly excluded the application of civil-case fees in criminal cases heard by the Court of Appeals. Thus, our predecessor would have been precluded from assessing such fees in bond-forfeiture cases, which were held to be criminal cases by the Supreme Court before the creation of the Court of Appeals in 1876.[29]

■ Reviewing this history makes clear that the Legislature did not intend "rules that govern the other civil actions" in Article 893, Texas Code of Criminal Procedure, to be construed to permit the application of the Supreme Court civil fee schedule in criminal bond-forfeiture cases. In accordance with the Legislature's intent when enacting Article 893, we conclude that the current version, Article 44.44, Texas Code of Criminal Procedure, also excludes the application of civil-case fees by the courts of appeals in appeals from criminal bond-forfeiture proceedings.

Finally, at this juncture, we cannot say that our determination conflicts with our 1993 decision in *Dees v. State*.[30] In that case, we interpreted Article 22.10, Texas Code of Criminal Procedure, which is part of Chapter 22, regulating bond-forfeiture proceedings in the trial court. That provision contains the same proviso as Article 44.44 and states:

> When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or

upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits.[31]

Construing the plain text, we held that at the trial-court level, civil court costs may be assessed in bond forfeiture proceedings after the entry of a judgment nisi.[32]

An examination of trial-court fee-schedule statutes in effect in 1879, when Article 22.10 was enacted, shows that we did not err in reaching this conclusion. Unlike the 1876 Supreme Court fee-schedule statute, the trial-court civil fee statutes, in effect after 1879 do not contain any provision restricting their application to civil cases.[33]

### Conclusion

The First Court of Appeals erred to hold that it is proper to assess civil appellate filing fees in criminal bond-forfeiture cases on appeal. Thus, we reverse that part of its judgment, as rendered in its November 7, 2008 supplemental opinion and remand the case so the court of appeals can reassess its fee determination.

KELLER, P.J., filed a concurring opinion in which JOHNSON, J., joined.

Texas 1822–1897, at 1121 (Austin, Gammel Books Co. 1898) (stating that the clerk of the Court of Appeals, in civil cases, shall receive the same fees as the Supreme Court clerk for like services and establishing other fees applicable in criminal appeals).

**29.** *Gay v. State,* 20 Tex. 504, 506 (Tex.1857).

**30.** *Dees v. State,* 865 S.W.2d 461 (Tex.Crim. App.1993).

**31.** Tex.Code Crim. Proc. Ann art. 22.10 (Vernon 2009), *previously codified at* Tex Code Crim. Proc. art. 449 (codified by State Print-

ing–Office 1879) ("When a forfeiture is declared upon a ... bail-bond the court or clerk shall docket the case upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties as defendants, and the proceedings had therein shall be governed by the same rules governing other civil actions.").

**32.** *Dees,* 865 S.W.2d at 462.

**33.** Tex Rev.Civ. Stat. arts. 2389 (fee schedule for district courts), 2393 (fee schedule for county courts) (codified by State Printing–Office 1879).

MEYERS, J., filed a concurring opinion.

HOLCOMB, J., filed a dissenting opinion in which WOMACK, J., joined.

KELLER, P.J., filed a concurring opinion in which JOHNSON, J., joined.

In addition to the considerations cited by the Court, I would add one based upon the language and structure of the statutes that existed in 1879.

Article 893 was contained in a title of the Code of Criminal Procedure named "Appeal and Writ of Error."[1] As the Court explains, article 893 provided that appeals in bond forfeiture proceedings—rather than being regulated by the provisions governing criminal cases—were to be regulated by the same rules that govern "other civil actions" where "an appeal is taken or a writ of error is sued out."[2] The provisions that governed appeals and writs of error in civil cases were found in a chapter of the Revised Civil Statutes that was also entitled "Appeal and Writ of Error."[3] Article 893's reference to the "same rules that govern the other civil actions where an appeal is taken or a writ of error is sued out" was clearly a reference to this Chapter. And it is from Chapter 19 that the current Rules of Appellate Procedure are derived.[4] Chapter 19 did not promulgate any filing fees,[5] and

neither do the current Rules of Appellate Procedure.[6]

I join the Court's opinion.

MEYERS, J., filed a concurring opinion.

I agree with the majority that the court of appeals erred in holding that it was proper to assess civil appellate filing fees in criminal bond-forfeiture appeals. I write separately to note the arguments of the Amicus Curiae, the Professional Bondsmen of Texas ("PBT"). PBT asserts that the use of the word "rules" in Article 22.10[1] is significant. As PBT points out, rules are not statutes. The distinction between rules and statutes is that civil rules[2] are promulgated by the Supreme Court of Texas, which does not have revenue-generating or taxing authority, while statutes are enacted by the legislature and may authorize an assessment of revenue or an imposition of filing fees.

PBT argues that since civil court filing fee *statutes* are not "rules governing other civil suits" as stated in Article 22.10, they are not applicable to bond forfeiture cases. PBT acknowledges that a bond forfeiture proceeding is different from the underlying criminal case from which it arises, and that the Texas Rules of Civil Procedure apply to a bond forfeiture case. For ex-

---

1. *See* TEX CODE CRIM. PROC., Title X (1879).

2. *Id.*, art. 893.

3. *See* TEX.REV.CIV. STAT, Title XXIX, Chapter 19 (1879); *id.*, arts. 1380–1419.

4. *Compare id.* and TEX.R.APP. P., *passim*.

5. *See* TEX REV.CIV. STAT., arts. 1380–1419.

6. *See* TEX R.APP P., *passim*.

1. Code of Criminal Procedure Article 22.10 states: "When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas,

as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same *rules* governing other civil suits." (emphasis added). *See also* Code of Criminal Procedure Article 44.44, stating, "In the cases provided for in the two preceding Articles [related to Appeal on Forfeitures and Writ of Error], the proceedings shall be regulated by the same *rules* that govern civil actions where an appeal is taken or a writ of error sued out." (emphasis added).

2. The "rules" that govern criminal cases are actually statutes enacted by the legislature and codified in Texas Code of Criminal Procedure.

ample, although a bond forfeiture proceeding is a criminal case, it requires service on the surety rather than arrest, and the burden of proof is preponderance of the evidence, as in civil cases. But it is only the *Rules* of Civil Procedure that apply; and the Rules of Civil Procedure do not impose filing fees. Under the language of Articles 22.10 and 44.44, civil *statutes* do not apply to criminal bond-forfeiture cases.[3] It is therefore improper for courts to assess civil filing fees in such cases.

Finally, PBT notes the difference between "court costs" and "filing fees." PBT does not object to paying court costs, which arise from services performed by the clerk's office in a specific civil case—such as service of citation. It is the revenue-generating filing fees that the legislature has not authorized in criminal bond-forfeiture cases with which PBT disagrees.

With these comments, I join the opinion of the majority.

HOLCOMB, J., filed a dissenting opinion, in which WOMACK, J., joined.

The question presented is whether, in an appeal from a final judgment in a criminal bail-bond forfeiture case, the court of appeals may assess civil appellate filing fees. I agree with the court of appeals in this case that the answer to that question is "yes."

Article 22.10 of the Texas Code of Criminal Procedure provides:

"When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire fascias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had

therein shall be governed by the same rules governing other civil suits."

Thus, when a criminal defendant, out on bail, fails to appear in court at the appointed time, so that a forfeiture of his bond is judicially declared, an ancillary lawsuit, quasi-civil in nature, arises, with the State as the civil plaintiff and the defendant and his bondsman as the civil defendants.

Article 44.42 of the Code, in turn, provides:

"An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise."

Thus, when the trial court renders a final judgment in a criminal bail-bond forfeiture case, the criminal defendant and/or his bondsman may appeal from that final judgment, just like any other civil defendant can appeal from a final judgment in any civil case.

Finally, Article 44.44 of the Code provides:

"In the cases provided for in [Article 44.42], the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken...."

Thus, when a criminal defendant and/or his bondsman appeal from a final judgment in a criminal bail-bond forfeiture case, that appeal operates in the same manner as any other civil appeal, civil appellate filing fees and all. That, it seems to me, is the only reasonable way to interpret this statutory scheme.

The majority relies upon our decision in *State v. Sellers,* 790 S.W.2d 316 (Tex.Crim. App.1990), for the proposition that, in the majority's words, "once a bond forfeiture

---

**3.** The civil statutes that impose the fees at issue in this case include Texas Government Code, Texas Local Government Code, and Texas Civil Practice and Remedies Code.

case is ripe for appellate review, it is governed by criminal appellate procedure." But there was no such sweeping holding in *Sellers*. *Sellers* held only that Article 22.10 (quoted above) "simply prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi" and did not authorize the State to appeal "under the civil rules." *State v. Sellers*, 790 S.W.2d at 321. About that narrow proposition, I do not quarrel. However, *Sellers* did not address the meaning of Article 44.44 (quoted above) in general or in the present context.

I agree with the court of appeals that the procedural rules governing civil appeals apply to criminal bail-bond forfeiture appeals and, therefore, that it is proper to assess civil appellate filing fees in such appeals. Because the majority does not so hold, I respectfully dissent.