**RANGER INSURANCE COMPANY,**
Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 05–08–01680–CV.**

Court of Appeals of Texas,
Dallas.

May 5, 2010.

Rehearing Overruled June 10, 2010.

Discretionary Review Dismissed
Aug. 25, 2010.

Kenneth W. Good, Kent, Good, Anderson & Bush, P.C., Tyler, TX, for Appellant.

Deborah Harrison, Assistant Criminal District Attorney, McKinney, TX, for Appellee.

Before Justices RICHTER, MURPHY, and MYERS.

## OPINION

Opinion By Justice MURPHY.

Ranger Insurance Company, a surety, challenges the assessment of civil trial and appellate filing fees in this bond forfeiture case, arguing the fees are improper because the nature of the proceeding is criminal. In two issues, Ranger complains about assessment of the fees as well as a claimed overcharge for the sheriff's fee. We affirm.

## BACKGROUND

The facts in this case are not disputed. In 1999, Ranger executed a $500 appearance bond on behalf of a criminal defendant. The bond was forfeited when the defendant failed to appear in court and the trial court signed a judgment nisi. The judgment nisi awarded the State the bond amount, court costs, and all necessary and reasonable expenses incurred in re-arresting the defendant.

Ranger filed a motion to retax court costs, arguing it was not responsible for certain costs and claiming the county practice of collecting civil filing fees in criminal bond forfeiture cases "is wrong." Relying on a 2006 opinion from the Texas Attorney General, Ranger argued that statutes authorizing various filing fees are limited to civil suits. Ranger maintained that because bond forfeitures are criminal matters, the county clerk improperly taxed civil fees as court costs. Ranger asked the trial court for an order stating "that civil filing fees cannot be attributed to this criminal bond forfeiture case." After considering the briefs and argument of the parties, the trial court denied Ranger's motion to retax costs, with the exception of deleting a $5 fee for records management and preservation. Ranger appeals that portion of the trial court's order denying its motion to retax costs.

In its first issue, Ranger contends this Court erred in charging a $175 civil filing fee. Ranger argues in its second issue that civil filing fees were improperly assessed below and that the trial court erred in denying Ranger's motion to retax costs. We begin our analysis with the law applicable to these issues.

## APPLICABLE LAW

Chapter 22 of the Texas Code of Criminal Procedure regulates bond forfeiture proceedings in the trial court. TEX.CODE CRIM. PROC. ANN. arts. 22.01–.18 (Vernon 2009). Under article 22.01, a bail is subject to forfeiture when a defendant has posted bond and fails to appear in any court as required. *Id.* art. 22.01. Upon the defendant's failure to appear within a reasonable time, a judgment of forfeiture shall be entered entitling the State to recover the amount of the bond from the defendant and his sureties. *Id.* art. 22.02. The judgment states that it will be made final "unless good cause be shown why the defendant did not appear." *Id.* While the final judgment is rendered against the defendant and the surety, jointly and severally, the statute obligates the surety to pay all court costs. *See id.* art. 22.14.

It is well settled that bond forfeiture cases are criminal matters, with final state-court jurisdiction vested in the Texas Court of Criminal Appeals. *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588–90 (Tex.Crim.App.2010); *see also Ex parte Burr*, 185 S.W.3d 451, 453 (Tex.Crim.App. 2006) (per curiam) (recognizing bond forfeiture proceeding is criminal in nature); *Jeter v. State*, 86 Tex. 555, 558, 26 S.W. 49, 49–50 (1894) ("A suit on a forfeited recognizance conditioned for a party's appearance to answer to an indictment . . . is not a civil action."). Bond forfeiture proceedings, however, are governed by the rules of civil procedure. *See* TEX.CODE CRIM.

PROC. ANN. art. 22.10. The Texas Court of Criminal Appeals has interpreted article 22.10 to mean that civil costs of court may be assessed in bond forfeiture cases. *See Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim.App.1993) (deciding the question of "what 'costs of court' are authorized in a bail bond forfeiture case").

In *Dees*, a bail bondsman appealed an order awarding the State a percentage of the bond amount plus interest and costs. *Id.* at 461. As to costs, the bail bondsman claimed "civil court costs are not authorized in a bail bond forfeiture proceeding" and argued "only those court costs normally associated with criminal cases may be assessed." *Id.* at 462. The court of criminal appeals disagreed. Looking to the language of article 22.10, the court held "civil court costs may be assessed in a bail bond forfeiture proceeding after entry of the judgment nisi." *Id.* (citing TEX.CODE CRIM. PROC. ANN. art. 22.10); *see also Stephens v. State*, 50 Tex.Crim. 531, 533, 99 S.W. 1122, 1122 (1907) (Sureties "are primarily responsible . . . for all the costs accruing in this court. This, it would appear, must be governed by the rules regulating costs in civil cases."). Thus, at the trial court level, civil costs of court may be collected in bond forfeiture proceedings. *See Dees*, 865 S.W.2d at 462.

Appeals on forfeitures are also governed by the rules of civil procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.44 (Vernon 2006). During the pendency of this appeal, the Texas Court of Criminal Appeals issued *Safety National*, and, interpreting article 44.44, determined civil appellate filing fees are not allowed on appeal. *Safety Nat'l Cas. Corp.*, 305 S.W.3d at 590–91.

In *Safety National*, the surety challenged the docketing of its appeal from a bond forfeiture proceeding as a civil case, as well as the court's conclusion that civil appellate costs should be assessed in bond

forfeiture appeals. *Id.* at 587–88. As part of its analysis, the court of criminal appeals examined article 44.44's first iteration and compared it to the relevant fee statutes in effect at the time. *Id.* at 588–90. It also considered the establishment and history of the court itself. *Id.* The court emphasized that the statutes mandating the assessment of civil appellate filing fees were not in effect when article 44.44's first predecessor was enacted. *Id.* It reasoned that its own predecessor, the Court of Appeals, "would have been precluded from assessing such fees in bond-forfeiture cases, which were held to be criminal cases ... before the creation of the Court of Appeals in 1876." *Id.* (citing *Gay v. State*, 20 Tex. 504, 506 (1857)). Under that analysis, the court concluded "Article 44.44 ... excludes the application of civil-case fees by the courts of appeals in appeals from criminal bond-forfeiture proceedings." *Id.* at 590.

Although the issue of whether civil filing fees at the trial court level may be imposed in bond forfeiture cases was beyond the scope of *Safety National*, the court of criminal appeals emphasized that its determination did not conflict with its prior decision in *Dees*. *Id.* at 588–91. The court explained that although both article 44.44 and article 22.10 contain language stating the civil rules govern bond forfeiture cases, the trial court fee statutes in effect at the time article 22.10 was enacted "do not contain any provision restricting their application to civil cases." *Id.* at 590. Thus, the court added it "did not err" in reaching the conclusion in *Dees* that civil court costs may be assessed in bond forfeiture cases after the entry of the judgment nisi. *Id.*

## DISCUSSION

As an intermediate court of appeals, we are bound by the precedent set by the Texas Court of Criminal Appeals. *See Patterson v. State*, 654 S.W.2d 825, 827 (Tex.App.-Dallas 1983, pet. ref'd); *see also State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.-Austin 2006) ("It is the prerogative of the court of criminal appeals alone to overrule its interpretation of a statute."), *aff'd sub. nom. State v. Colyandro*, 233 S.W.3d 870 (Tex.Crim.App.2007). The court of criminal appeals has spoken on the question of whether civil filing fees are applicable in bond forfeiture proceedings. *See Safety Nat'l Cas. Corp.*, 305 S.W.3d at 590–91; *Dees*, 865 S.W.2d at 462. As described below, the facts and circumstances before us fall within the bounds of the rules enunciated in *Safety National* and *Dees*, and we must follow that precedent.

### Assessment of Civil Appellate Filing Fees

◼ In its first issue, Ranger complains about the $175 filing fee charged by this Court when we docketed the case as a civil appeal. The State responds that Ranger's complaint about the appellate filing fee is not part of the appeal from the trial court order and should be raised in a motion to retax costs in this Court. We agree Ranger did not follow proper procedures for challenging the appellate fees. While this case was pending, however, the court of criminal appeals decided *Safety National*, as discussed above. As a result of that decision, appellate courts may no longer charge civil appellate filing fees in bond forfeiture cases. Because cases still in the judicial process receive the benefit of new rules and decisions,[1] we have refunded the

---

1. *See Geesa v. State*, 820 S.W.2d 154, 163–65 (Tex.Crim.App.1991)(discussing "limited retrospectivity" application of new rules), *overruled on other grounds by Paulson v. State*, 28

S.W.3d 570 (Tex.Crim.App.2000); *Peden v. State*, 917 S.W.2d 941, 957 (Tex.App.-Fort Worth 1996, pet. ref'd) (concluding appellant was a "similarly situated defendant" and "ac-

$175 filing fee paid by Ranger in this case. We therefore dismiss Ranger's first issue as moot.

### Assessment of Civil Trial Court Filing Fees

■ In its second issue, Ranger challenges the county clerk's assessment of civil filing fees in a criminal bond forfeiture case and the trial court's denial of Ranger's motion to retax those costs. Ranger also disputes the $35 sheriff's fee charged as part of the civil filing fee. Ranger's first argument was expressly rejected by the Texas Court of Criminal Appeals. *See Dees*, 865 S.W.2d at 462. Importantly, the court in *Safety National* confirmed it "did not err" in that conclusion. *Safety Nat'l Cas. Corp.*, 305 S.W.3d at 590. Ranger makes no attempt to distinguish *Dees* factually. Nor does Ranger offer any authority suggesting the court of criminal appeals meant to exclude civil filing fees "to be collected on the filing of a civil case" when it held "civil court costs may be assessed in a bail bond forfeiture proceeding after entry of the judgment nisi." *Dees*, 865 S.W.2d at 462. Following *Dees*, as we must do, we conclude the trial court did not err in denying Ranger's motion to retax costs to the extent it complained about the assessment of civil filing fees.

### *Assessment of $35 Sheriff's Fee*

■ Ranger also complains that even if civil filing fees are allowed in bond forfeiture proceedings, the county clerk improperly assessed a $35 sheriff's fee. Ranger's argument on this issue was raised at the trial court for the first time in a supplemental brief, after the motion to retax costs was briefed and argued.

Ranger urges on appeal that the county could set a fee for service of citation and for security and "there is no other statute that would allow the county to charge a general $35.00 fee as a 'Sheriff's fee' in all civil cases." Claiming that a $5 security fee and a $55 service of citation fee had been charged separately, Ranger argues the $35 sheriff's fee was unauthorized.

■ As a prerequisite to presenting a complaint on appeal, a party must have made a timely complaint to the trial court. *See* TEX.R.APP. P. 33.1(a)(1). It is also well established that to present an issue for appeal, appellant's brief must contain, among other things, clear and concise arguments for appellant's contentions with appropriate citations to authorities and the record. *See* TEX.R.APP. P. 38.1(i). When a party fails to brief a complaint adequately, it waives the issue on appeal. *Devine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex.App.-Dallas 2004, no pet.). Here, Ranger failed to include its complaint regarding the sheriff's fee in its motion to retax costs, and it presented no argument to the trial court until its supplemental brief. Although Ranger argues the trial court implicitly ruled on the complaint by deleting the $5 record charge, we have no record citation supporting such assumption. Nor does Ranger cite any record references or legal authorities to support its new complaint about the sheriff's fee. Although Ranger attaches appendices to its appellate brief, those attachments are not substitutes for citations to the record. *See* TEX.R.APP. P. 34.1 (appellate record consists of the clerk's record and if necessary, the reporter's record); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.-El Paso 2007, pet. dism'd w.o.j.). Accordingly, to the extent Ranger attempts to complain

tual inequity" would result if he did not get benefit of new rule and applying rule with

"limited retrospectivity").

about what services might be covered by the $35 sheriff's fee assessed, or whether such services and fees were actually incurred, Ranger has waived those complaints for purposes of appeal. *Devine*, 130 S.W.3d at 514. We therefore turn to whether the sheriff's fee is authorized by statute.

A county's authority to establish fees for the services of the sheriff derives from Texas Local Government Code section 118.131(a) and its companion statute, Texas Government Code section 103.030(1). *See* TEX. LOC. GOV'T CODE ANN. § 118.131(a) (Vernon 2008); TEX. GOV'T CODE ANN. § 103.030(1) (Vernon Supp.2009). Specifically, section 118.131(a) permits the county commissioners court to "set reasonable fees to be charged for services by the offices of the sheriff and constables." TEX. LOC. GOV'T CODE ANN. § 118.131(a). The express language of section 118.131(a) does not limit the types of services for which fees may be collected. *Id.* Rather, the only limits are that the fees must be "reasonable," may not be set "higher than is necessary to pay the expenses of providing the services," and may not be set "more than once during any one-year period." *Id.* § 118.131(a)-(c). Thus, section 118.131(a) authorizes the county to set reasonable fees for various services, which include courthouse security and service of process. On this record, we conclude Ranger has not shown the trial court erred in failing to eliminate the $35 sheriff's fee as a taxable cost.

## CONCLUSION

In light of the *Safety National* decision issued during the pendency of this appeal, we have refunded Ranger's $175 appellate filing fee and therefore dismiss the first issue as moot. We also conclude the trial court did not err in denying that part of Ranger's motion to retax civil court costs

made the subject of this appeal and overrule Ranger's second issue. Accordingly, we affirm the trial court's order on Ranger's motion to retax costs.