

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES STUART BARKER, | § | No. 08-24-00118-CR |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2023DBF0180) |

## <u>**MEMORANDUM OPINION**</u>

Appellant James Stuart Barker appeals a final judgment forfeiting his cash and personal bond following his nonappearance in a criminal case.[1] In his sole issue on appeal, Barker asserts the trial court erred in rendering judgment against him, arguing he conclusively established the affirmative defense of uncontrollable circumstances. *See* Tex. Code Crim. Proc. Ann. art. 22.13(3). Finding no error, we affirm.

---

[1] This appeal was originally docketed by the Court as a civil case and given a "CV" designation. However, because an appeal from a bond-forfeiture proceeding originates in a criminal case and pertains to criminal matters, not civil matters, we conclude the appeal should be designated with "CR," not "CV." *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588 (Tex. Crim. App. 2010). Accordingly, we have changed the designation of this case from No. 08-24-00118-CV to No. 08-24-00118-CR.

# I. PROCEDURAL BACKGROUND

On February 13, 2022, Barker was arrested based on suspicion of driving while intoxicated.[2] After a bond reduction, Barker posted a split bond that included a $25,000 cash bond and a $1,000 personal bond. Among other terms, the bond's special conditions required that Barker continue treatment through the United States Department of Veteran's Affairs (VA). On November 3, 2022, a grand jury returned a felony indictment charging Barker with DWI 3rd or more.

The trial court issued a scheduling order providing multiple settings in the case ranging from a status conference on May 16, 2023, through a jury trial set for August 18, 2023. The order required, among other things, the physical presence of Barker and his counsel at all hearings, and it warned that a warrant would be issued for Barker's arrest if he failed to appear. The trial judge, Barker, and his counsel all signed the order of court settings.

One of the listed hearings was a "discovery hearing," scheduled for May 23, 2023, to which Barker did not appear. The trial court entered a judgment nisi forfeiting both his cash and personal bond and issued a warrant for his arrest. Following the issuance of the warrant, Barker's attorney filed a motion to withdraw as his counsel. Among other grounds, the motion described that "Defendant has gone against the advice of counsel failing to appear at a scheduled court hearing resulting in a warrant issued for the arrest of Defendant." The trial court granted withdrawal. On August 15, 2023, Barker was jailed in the El Paso County Detention Facility. Barker applied for court appointed counsel based on indigency. After the appointment of a public defender as defense

---

[2] His criminal charge was docketed under trial cause number 20220D04771.

counsel, Barker entered a plea agreement with the State and pleaded guilty to the DWI charge. Pursuant to the agreement, the court sentenced him to five years' community supervision.

Barker's appointed counsel also filed an answer to the judgment nisi, generally denying the forfeiture allegations and asserting that uncontrollable circumstances prevented his appearance in court. The State filed a motion to finalize the judgment nisi and the case proceeded to a bench trial. As evidence, the State only admitted the order setting the May 23 hearing, and the bailiff's certificate attesting that Barker's name was called at the courthouse door on the date of the hearing and he failed to appear. The court also took notice of all pleadings in the case. In his defense, Barker testified he received permission to live with family members in Tennessee and he participated in a treatment program with a local VA. He testified that his attorney had instructed him that no appearance was necessary at the discovery hearing as long as he remained in treatment in his VA program.

Following the hearing, the trial court entered final judgment against Barker in the amount of $24,537.10 and ordered him to pay court costs. This appeal followed.

## II. BOND FORFEITURE PROCEEDINGS

In his sole issue, Barker argues the trial court erred in entering a judgment foreclosing his bonds. Specifically, he urges that it was an uncontrollable circumstance that his attorney told him he did not need to attend a court setting and the trial court abused its discretion in not accepting his undisputed testimony.

### A. Standard of review and applicable law

A bond forfeiture proceeding is recognized as a criminal case reviewed by courts under civil appellate rules. *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588 (Tex. Crim. App. 2010); *see also* Tex. Code Crim. Proc. Ann. art. 44.44 (bond forfeiture appeals "shall be regulated by the

3

same rules that govern civil actions where an appeal is taken"). The State bears the burden of proving forfeiture. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007). To prove entitlement to a judgment at trial, the State must establish four elements: (1) there was a valid bond; (2) the defendant's name was distinctly called at the courthouse door; (3) the defendant failed to appear within a reasonable time of that call; and (4) no valid reason for not appearing was proffered. *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992) (en banc).

"The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi." *Kubosh*, 241 S.W.3d at 63 (quoting *Alvarez*, 861 S.W.2d at 880–81). "A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise." *Alvarez*, 861 S.W.2d at 881. Once the judgment nisi issues, "the defendant must then prove that one of the statutory requirements of the *judgment nisi* has not been satisfied or prove one of the affirmative defenses specified by statute." *Spears v. State*, 381 S.W.3d 667, 669 (Tex. App.—Eastland 2012, no pet.) (internal citation omitted). Relevant to this case, the third statutory defense provides:

> The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.

Tex. Code Crim. Proc. Ann. art. 22.13(a)(3). "When the principal does not appear, the 'uncontrollable circumstance' truly should be 'uncontrollable,' and there should be no fault on the part of the principal." *Allegheny Cas. Co. v. State*, 163 S.W.3d 220, 229 (Tex. App.—El Paso 2005, no pet.).

When reviewing the trial court's judgment on a bond forfeiture, and in the absence of formal findings of fact and conclusions of law, we must affirm the trial court's judgment if it can be upheld on any available legal theory that finds support in the evidence. *Seneca Ins. Co., Inc. v. Ross*, 507 S.W.3d 798, 802 (Tex. App.—El Paso 2015, no pet.). We must imply all necessary findings to support the trial court's judgment. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). But, when the record includes a reporter's record, implied findings may be challenged for legal and factual sufficiency in the same manner as challenges to express findings of fact or jury findings. *Id*.

"Traditional review standards for the sufficiency of the evidence determine whether those implied findings can stand." *Seneca*, 507 S.W.3d at 803. We review findings under an abuse of discretion standard, deferring to the fact findings if supported by evidence, but review legal determinations de novo. *Id*.

**B.  Analysis**

At the start of trial, the State introduced exhibits without objection: (1) a certified copy of Barker's cash bond and his personal bond; (2) a scheduling order reflecting a discovery hearing set for May 23, 2023, which was signed by Barker and his defense counsel; (3) a certificate of a bailiff reflecting Barker's non-appearance on May 23, 2023; and (4) a judgment nisi signed on June 1, 2023. Because the State established a prima facie case of bond forfeiture, the burden of proof shifted to Barker to prove his statutory defense.

To prevail on his affirmative defense, Barker needed to prove that (1) some uncontrollable circumstance prevented his appearance; (2) his failure to appear arose through no fault of his own; and (3) he appeared before final judgment to answer the accusation against him or had sufficient cause for not appearing. *Castaneda v. State*, 138 S.W.3d 304, 323 (Tex. Crim. App. 2004)

5

(en banc); Tex. Code Crim. Proc. Ann. art. 22.13(a)(3). Barker had the burden to prove, as a matter of law, all facts supporting his affirmative defense. *See Dow Chemical Company v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Barker testified he was living in Nashville, Tennessee, attending an intensive outpatient treatment program (IOP) for veterans. Although he acknowledged there would be no legal penalty for missing sessions, he described that he would jeopardize his recovery if he missed his program to attend a court hearing. When asked if he willingly did not appear at the May 23 hearing, he responded: "No. I was in treatment. I felt at the time that was more important -- my recovery was more important at the time to continue IOP and one-on-one mental health treatment." Responding to questioning by his counsel, Barker testified:

> DEFENSE COUNSEL: Mr. Barker, did your attorney tell you that he was going to ask that you not come to court?
>
> BARKER: Correct.
>
> DEFENSE COUNSEL: And what did he tell you about that?
>
> BARKER: He said, I could work with it. By not showing up, staying in IOP, that he could work with it, basically that I would get the 25k back.
>
> DEFENSE COUNSEL: Okay. So did you take him for his word that you didn't have to show up?
>
> BARKER: I took him for his word and stayed in IOP, stayed in my treatment program at the time in Nashville. And then that's -- a couple of months after that, June or July, I flew back in -- because I had a warrant out for my arrest -- to turn myself in on the warrant.

During his testimony, Barker explained that the trial court had permitted him to remain in Tennessee for treatment, and he flew back to El Paso and turned himself in voluntarily as soon as the court issued the judgment nisi. He emphasized his actions supported his contention that he failed to appear at the hearing only in reliance on his attorney's instructions.

6

Barker based his defense on a theory that he received erroneous advice from his attorney, and not that he was prevented from appearing in court due to an illness or incarceration in another jurisdiction. In support, he merely points to general authorities on the role of counsel in criminal proceedings and the non-punitive purpose of bail bonds. To this extent, he argues that clients should not be expected to second-guess their defense counsel regarding their attendance at hearings or otherwise suffer a penalty of bond forfeiture. He contends that his attorney's instructions were "truly uncontrollable" because he "had no ability to control what advice his attorney gave him." In response, the State asserts that "[l]iving in another state and attending a voluntary outpatient treatment program that was also held online is not an uncontrollable circumstance." It urges that adoption of Barker's reasoning "would allow defendants to avoid bond forfeitures by creating continuances at will, based upon the alleged advice of attorneys." We conclude that Barker failed to establish that his asserted excuse was an uncontrollable circumstance as a matter of law. *See Hill v. State*, 955 S.W.2d 96, 98–100 (Tex. Crim. App. 1997) (en banc) (discussing that an uncontrollable circumstance applies as a basis for exoneration when a defendant is prevented from appearing in court due to a serious illness or incarceration in another jurisdiction).

Even so, the trial court was free to disbelieve his testimony and reject his asserted excuse. Barker contends, without citation to authority, that the trial court was "bound to accept these undisputed facts and apply the law to them." We disagree. In reviewing the sufficiency of the trial court's judgment, we must presume the trial court made the necessary fact findings to support its judgment, namely rejecting his testimony. *Bradberry*, 526 S.W.3d at 480. In reviewing all the evidence, there was some evidence contradicting Barker's testimony. In particular, the State offered the scheduling order as evidence that Barker was informed that his appearance was not waived for all settings including the discovery hearing set for May 23, 2023. As the State points

7

out both Barker and his attorney signed the order of prospective court settings. Immediately below the list of court dates, the order notifies him that his appearance is not waived, and a warrant would be issued if he did not appear. At trial, Barker stipulated that he signed the order. On its face, Barker's signature on the order of February 21, 2023, controverts his testimony claiming he was informed by his attorney that he did not need to appear for scheduled court hearings.

Further controverting Barker's testimony is the motion to withdraw filed by his attorney only months after his nonappearance at the discovery hearing. In the motion, the attorney stated that he sought to withdraw in part because Barker "has gone against the advice of counsel failing to appear at a scheduled court hearing resulting in a warrant." Finally, the State also points out that Barker testified that his IOP treatment in Tennessee was not court-ordered, and he sometimes participated in treatment online, not in person.

Barker had the burden to identify evidence that conclusively proved that uncontrollable circumstance that were of no fault of his own caused his nonappearance. *Castaneda*, 138 S.W.3d at 323; *see also* Tex. Code Crim. Proc. Ann. art. 22.13. The sole evidence of the alleged uncontrollable circumstance was his own testimony that his attorney advised him that he did not need to appear. Importantly, however, there was no testimony he *could not* appear in court and maintain his treatment by other means, and his testimony was controverted by other evidence including the court's scheduling order instructing that his physical appearance for all settings was not waived.

On the record presented, we conclude that Barker did not prove as a matter of law the factual support of an affirmative defense under Article 22.13(3), and we hold the trial court did not commit error in refusing to exonerate him from liability for the value of the bonds. *Allegheny Cas. Co.*, 163 S.W.3d at 229. We overrule Barker's sole issue.

## III. CONCLUSION

The trial court's judgment is affirmed.

GINA M. PALAFOX, Justice

March 28, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.