Opinion issued May 2, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00214-CV

_____

**FELIX MICHAEL KUBOSH D/B/A KUBOSH BAIL BONDING, ET AL.,
APPELLANTS**

**V.**

**HARRIS COUNTY AND CHRIS DANIEL, IN HIS OFFICIAL CAPACITY
AS DISTRICT CLERK OF HARRIS COUNTY, APPELLEES**

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2011-56598

**O P I N I O N**

Forty-one Harris County bail bondsmen (collectively identified through their

lead plaintiff, Felix Kubosh) sued Harris County and the Harris County District

Clerk, Chris Daniel, alleging that Harris County improperly has assessed civil

court filing fees in criminal bond-forfeiture cases. In his suit, Kubosh seeks (1) a declaratory judgment that civil court filing fees must not be charged in bond forfeiture cases; (2) an injunction to prevent the continued assessment of the fees; and (3) the refund of fees the bondsmen have paid. The County responded with a plea to the jurisdiction and a motion for summary judgment. The trial court granted the plea and dismissed the case. On appeal, Kubosh contends that (1) governmental immunity does not bar his action seeking a refund, because the county's fee assessments were illegal; and (2) the trial court in any event has jurisdiction over his claims for declaratory and injunctive relief.

We conclude that governmental immunity bars Kubosh from seeking a refund. We further conclude that the trial court lacks subject matter jurisdiction to hear Kubosh's claims for declaratory and injunctive relief, because these complaints arise in connection with criminal cases and should be brought in criminal court in the first instance. We therefore affirm the order of the trial court dismissing the case for lack of jurisdiction.

**Background**

When a criminal defendant fails to appear in court, the state institutes a bond-forfeiture proceeding under the rules of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 22.01; *see generally* TEX. CODE CRIM. PROC. ANN. ch. 22 (governing forfeiture of bail). Bond forfeiture actions are brought in criminal court.

*See, e.g.*, *Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008). Typically, a bond forfeiture judgment includes the court costs necessarily incurred to establish the forfeiture. *See id.* at 164. The district clerk charges these costs in a bill of costs. Bail bondsmen often ultimately discharge these court costs, as the bail sureties of the bail bonds.

For a number of years, Harris County did not assess filing fees as court costs in bail bond forfeiture cases. About a month before Kubosh filed this suit, however, the district clerk began to charge a filing fee in bond forfeiture cases. The clerk assesses the fee in a bill of costs in connection with any eventual bond forfeiture judgment.

If a bail bondsman fails to discharge the fees assessed in a bond forfeiture judgment, then the bondsman may not post bail in Harris County until the judgment is satisfied. TEX. OCC. CODE ANN. § 1704.2535 (West 2012). Kubosh, one of the aggrieved bail bondsmen who are parties to this appeal, has paid assessed fees in criminal bond-forfeiture proceedings. He and the other bondsmen have filed this suit in civil district court to protest their assessment.

**Discussion**

I.      **Standard of Review**

We review the trial court's ruling on a plea to the jurisdiction de novo if, as here, the jurisdictional facts are undisputed. *State v. Holland*, 221 S.W.3d 639, 642

(Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Id.*; *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and deny the plea if the plaintiff has alleged facts affirmatively demonstrating jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226–27; *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 697–98 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Subject matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed and cannot be waived. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam) (holding subject matter jurisdiction cannot be waived and can be raised at any time); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993).

## II.    Refunds

Governmental immunity protects political subdivisions of the state from lawsuits for money damages unless immunity has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). But claims for a refund are different than claims for money damages—due process requires that persons who have paid illegal or invalid taxes or fees under duress have some recourse to

recover the fees. *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 882 n. 9 (Tex. 2005). Accordingly, a party who pays an illegal or invalid fee to a governmental unit under duress may seek a refund regardless of whether immunity has been waived. *Id.* at 877; *Nivens v. City of League City*, 245 S.W.3d 470, 474 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Austin Nat'l Bank v. Sheppard*, 71 S.W.2d 242, 246 (Tex. 1934). The proceeding need not be one confined to civil district court; the legislature may provide a specific procedure to challenge fees or taxes that will supplant this remedy. *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 769–71 (Tex. 2005) (noting that "other legal and statutory remedies have evolved over time to supplant the rule's application in many of these contexts."); *Bolton*, 185 S.W.3d at 879 (noting refund mechanisms and protest requirements when challenging taxes that have supplanted the common-law requirements for voluntary payment and duress in some cases). If a process exists to contest a fee, then a person who nonetheless pays it cannot later claim to have paid the fee under duress. *See Bolton*, 185 S.W.3d at 881; *In re Nestle USA, Inc.*, 359 S.W.3d 207, 210 (Tex. 2012).

Such a process exists in criminal bond-forfeiture cases. Kubosh may challenge costs assessed in a bond forfeiture judgment through a motion to correct or retax costs in the criminal court hearing the request that it hold the bond forfeit, and through a direct appeal from the judgment assessing the fee as a court cost. *See*

TEX. CODE CRIM. PROC. ANN. arts. 103.008 & 44.42 (West 2006) (providing for motion to correct court costs and for appeal of bond-forfeiture judgment). These statutes provide a procedure to challenge the costs via judicial review in the criminal court in which the fees have been assessed, thus satisfying due process. *See Bolton*, 185 S.W.3d at 880. Because bondsmen have an adequate opportunity to challenge the costs assessed, we reject the claim that they discharged the fees under duress. *See id.*

Kubosh directs us to several cases holding that bail bond fees were paid under duress when failure to pay the fees would result, as here, in the inability of the bail bondsmen to post bail in subsequent cases. *See, e.g.*, *Camacho v. Samaniego*, 954 S.W.2d 811, 826–27 (Tex. App.—El Paso 1997, writ denied); *Vannerson v. Klevenhagen*, 908 S.W.2d 37, 41 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Bowles v. Reed*, 913 S.W.2d 652, 657 (Tex. App.—Waco 1995, writ denied); *Kubosh v. City of Houston*, 2 S.W.3d 463, 469–470 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (*Kubosh I*). In those cases, however, authorities collected the fees outside of a judicial proceeding—immediate fee payment was required to post the bond. *See, e.g.*, *Camacho*, 954 S.W.2d at 826 (fee paid by bondsmen to sheriff as prerequisite to post bond); *Vannerson*, 908 S.W.2d at 41 (same); *Bowles*, 913 S.W.2d at 657 (processing and bond approval fees paid to the sheriff to post bond). In *Kubosh I*, for example, because any

defendant charged with a crime was assessed a fee, no judgment existed from which to appeal for those defendants who were not convicted. 2 S.W.3d at 469–470. The defendants paid the fees under duress because no recourse existed to challenge their assessment. *See id.* In contrast, the fees in this case were assessed as court costs in judicial proceedings—ones that culminated in bond-forfeiture judgments. Because the legislature has provided a means to challenge their assessment as a part of the judicial proceeding, the bondsmen have not established the sort of duress required for a waiver of immunity.

Kubosh relies on *Burgess v. State* (*Burgess I*), a criminal case, to argue that bond-forfeiture proceedings are not the proper vehicle to challenge court costs assessed therein. 313 S.W.3d 844, 847 (Tex. App.—Fort Worth 2010, no pet.). *Burgess I* reviewed the assessment of two items of costs and held that one was authorized by the Government Code and the other was authorized by a county commissioner's court order. *Id.* at 853–54. The court declined to review whether the county commissioner's court order was valid, holding that the order could only be challenged through a civil action. *Id.* Kubosh challenges the district clerk's application of a statute to specific assessments in criminal proceedings, more like the challenges permitted in *Burgess I*, and unlike a challenge to the validity of an order of a commissioner's court. *Id.* at 851.

We hold that Kubosh has not established a waiver of governmental immunity for his refund claim, because the fees in this case were not paid under duress for lack of a judicial process to challenge them. The trial court thus correctly granted the jurisdictional plea as to the claim for monetary relief.

## III. Declaratory and Injunctive Relief

Courts exercising criminal jurisdiction ordinarily determine the meaning and validity of a criminal statute. *State v. Morales*, 869 S.W.2d 941, 944 (Tex. 1994) (explaining "narrow circumstances under which an equity court can construe a criminal statute"); *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 894 (Tex. 1970). A party cannot seek to enjoin enforcement of a criminal statute in a civil proceeding unless it challenges the constitutionality of the provision and proves an irreparable injury to its vested property rights. *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 441 (Tex. 1994); *Morales*, 869 S.W.2d at 945. If questions regarding criminal statutes can be resolved in a criminal proceeding, a trial court should not assert civil jurisdiction to answer them. *See Morales*, 869 S.W.2d at 945 (citing *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex. 1969)). The limits on a district court's civil jurisdiction to construe or enjoin enforcement of a criminal statute apply to suits seeking declaratory or injunctive relief. *Morales*, 869 S.W.2d at 947.

The restriction on a civil court's jurisdiction to construe or enjoin the enforcement of criminal statutes is similar to the Texas Supreme Court's related jurisdictional limit to all but "criminal law matters." *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012) (explaining that dispute seeking to enjoin or construe criminal statute "was no doubt itself a 'criminal law matter' beyond [the Texas Supreme Court's] appellate jurisdiction"). "Disputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters." *Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) (quoting *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993)).

The policy favoring construction of criminal statutes in criminal proceedings is, in part, based on pragmatic concerns resulting from the separate and distinct jurisdiction allocated by the Texas Constitution to civil and criminal courts. *Morales,* 869 S.W.2d at 947. Permitting civil and criminal proceedings regarding construction of a criminal statute could "create confusion . . . and might result finally in precise contradiction of opinions between the [civil courts] and the Court of Criminal Appeals to which the Constitution has intrusted supreme and exclusive jurisdiction in criminal matters." *Morales,* 869 S.W.2d at 947–48 (quoting *Roberts v. Gossett,* 88 S.W.2d 507, 509 (Tex. Civ. App.—Amarillo 1935, no writ)). We look the statute's consequences to determine if it is a criminal statute. *Leeper*, 893

S.W.2d at 441–42 (holding statute that was criminal in nature was not criminal statute because it had civil consequences unrelated to criminal prosecution).

Kubosh seeks a declaration that Texas Code of Criminal Procedure article 22.10 does not permit a criminal trial court to assess civil filing fees in bond-forfeiture cases, and an injunction preventing the district clerk from assessing these fees as court costs. The district clerk assessed the challenged costs incident to the prosecution of the criminal bond-forfeiture case, a criminal matter. *See Harrell*, 286 S.W.3d at 318. The resolution of this dispute turns on the construction of Texas Code of Criminal Procedure article 22.10, a criminal statute. The statute has consequences related to a criminal, not a civil, proceeding. *See Leeper*, 893 S.W.2d at 441. Kubosh seeks to have a civil court construe what is a criminal statute, both in expression and in operation.

For the civil trial court to have jurisdiction over Kubosh's claims for declaratory and injunctive relief, Kubosh must challenge the constitutionality of the statute and prove that his property rights are subject to irreparable harm. *Morales*, 869 S.W.2d at 947. Kubosh challenges the district clerk's construction of a criminal statute, not its constitutionality.  Because a criminal defendant can move to correct or re-tax costs in the trial court or appeal their assessment, *see* TEX. CODE CRIM. PROC. ANN. arts. 103.008 & 44.42, Kubosh has not shown harm to his vested property rights, and thus, he does not present us with an irreparable injury.

10

*See Passel*, 440 S.W.2d at 63. Accordingly, the civil trial court properly dismissed the case because it lacked jurisdiction to hear Kubosh's claims for declaratory and injunctive relief.

The construction in a court of civil jurisdiction of a statute defining the procedures in criminal bond-forfeiture proceedings is incompatible with the pragmatic justifications for limits on civil jurisdiction to address criminal statutes. The Court of Criminal Appeals has developed an extensive body of case law construing article 22.10 to determine which civil rules apply to bond-forfeiture cases, including whether certain civil costs are chargeable. *See e.g.*, *Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993) (en banc) (permitting assessment of civil court costs in bond-forfeiture cases); *Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex. Crim. App. 1999) (en banc) (holding that civil removal statute in Government Code does not apply to bond-forfeiture proceedings because they are criminal in nature); *State v. Sellers*, 790 S.W.2d 316, 321 (Tex. Crim. App. 1990) (en banc) (refusing to apply civil rule governing right to appeal in bond-forfeiture appeal); *Alvarez v. State*, 861 S.W.2d 878, 881 (Tex. Crim. App. 1992) (en banc) (applying civil summary judgment standard in bond-forfeiture proceeding on appeal). In *Safety National Casualty Corporation v. State*, the Court of Criminal Appeals interpreted an analogous statute, article 44.44, to determine that civil appellate filing fees could not be charged in bond-forfeiture cases. 305 S.W.3d

11

586, 587 (Tex. Crim. App. 2010). Because the questions presented here potentially could be reviewed in any criminal bond-forfeiture proceeding, if properly raised, any decision of the Texas Supreme Court or court exercising civil jurisdiction construing this statute could create a potential conflict. *See Morales*, 869 S.W.2d at 948 n.16 ("it is the *prospect* that civil courts will get into the business of construing criminal statutes which represents the real danger.").

## Conclusion

We hold that governmental immunity bars the bondsmen's refund claims. We further hold that the civil trial court lacked subject matter jurisdiction to hear their claims for injunctive and declaratory relief. We therefore affirm the trial court's order granting the plea to the jurisdiction and dismissing the bondsmen's claims.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.