**REVERSE and REMAND in part; AFFIRM in part; and Opinion Filed November 17, 2022**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-20-00928-CV**
**No. 05-20-00929-CV**
**No. 05-20-00930-CV**
**No. 05-20-01005-CV**
**No. 05-20-01006-CV**

**CONTINENTAL HERITAGE INSURANCE COMPANY, AGENT PAT KINNARD, D/B/A PAT KINNARD BAIL BONDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-59990-I, F17-59991-I, F17-59992-I**

**On Appeal from the 291st District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-41976-U**

**On Appeal From the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F18-18863-J**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne,[1] and Nowell
Opinion by Justice Schenck

This is a consolidated appeal of five bond–forfeiture cases. The cases come to us in different procedural postures. Four of the cases were resolved on jurisdictional grounds. The fifth was resolved on the merits of assessing civil court filing fees as costs against sureties in bail bond forfeiture cases. After briefly discussing the events precipitating these appeals, we address the merits of appellant Continental Heritage Insurance Company, agent Pat Kinnard, d/b/a Pat Kinnard Bail Bonds' ("Continental") complaint concerning the assessment of civil court filing fees as costs against it in cause number F18-18863-J. We will then address the jurisdictional issue in cause numbers F17-59990-I, F17-59991-I, F17-59992-I and F18-41976-U. For the reasons set forth herein, we reverse the trial court's orders granting the State's pleas to the jurisdiction in cause numbers F17-59990-I, F17-59991-I, F17-59992-I and F18-41976-U and remand the cases to the trial courts for further proceedings consistent with this opinion. We are compelled to affirm the trial court's order denying Continental's motion to correct ordered costs in cause number F18-18863-J. Because all issues are settled in law, we issue this memorandum opinion.

## BACKGROUND

---

[1] Justice Leslie Osborne was a member of the original panel at the time these cases were submitted but has since resigned. These cases are decided in accordance with Rule 41.1(b) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 41.1(b).

–2–

Continental executed appearance-surety bonds for various individuals charged with criminal offenses. Each of the bonds were forfeited when the individuals failed to appear in court, and judgments were entered to that effect. The judgments identified the individuals, as "principals," and Continental, as surety, and both as the "defendants" and obligated Continental to pay interest on the bond amount after forfeiture plus costs of court. In each case, Continental was assessed a civil court filing fee as part of the costs.[2]

At various times post judgment, Continental filed motions and supplements thereto to modify or correct the ordered civil costs arguing the assessment of civil court filing fees as costs in these criminal bail bond forfeiture cases is improper.[3] In response, the State filed pleas to the jurisdiction asserting, in part, that the court's plenary power over the bond forfeiture matter had expired. Continental responded and, relying on article 103.008 of the Texas Code of Criminal Procedure, asserted its motions to correct ordered costs were properly collateral to the underlying case

---

[2] The civil court filing fee is comprised of numerous fees, some examples of which are a judicial salary fee, clerk's fee, court reporter service fee, law library fee, bailiff's fee, appellate fund, state judicial fee, dispute mediation fee, records preservation fee, district clerk archive fee, courthouse security fee, records management & preservation fee, state indigency fee, records management fee, civil courts building improvement fee, and state electronic filing fee. Many of these fees are set by the legislature. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 51.317, 51.601, 51.851(b), 51.708, 411.081(d)-(h); TEX. LOC. GOV'T CODE ANN. §§ 51,305, 51.317, 133.151, 133.152, 133.154, 291.008, 323.023.

[3] In trial court cause number F18-41976-U, Continental also filed a motion to retax costs seeking to correct an alleged ministerial act of the clerk in calculating costs, which may be brought before the mandate issues. *See Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2014 WL 6705741, at *5 (Tex. App.—Austin Nov. 14, 2014, no pet.) (mem. op.). Continental does not raise any issues on appeal in connection with that motion and we will not further discuss same.

and properly before the courts because they were filed within one year of the dates of the final judgments. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008.[4]

In four of the cases included in this consolidated appeal, the trial courts granted the State's pleas to the jurisdiction. In three of those cases, the trial courts specified that they granted the State's pleas because they lacked jurisdiction to rule on Continental's motions. In the fourth case, the trial court granted the State's plea without specifying a reason. In the remaining case, the court denied the State's plea, finding it had jurisdiction to hear Continental's motion, and denied Continental's motion, concluding it was bound by this Court's decision in *Ranger*, holding civil court filing fees may be assessed in bond-forfeiture proceedings. *See Ranger Ins. Co. v. State*, 312 S.W.3d 266, 270 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed). The appeals in these cases followed.

## DISCUSSION

### I.   Assessment of Civil Court Filing Fees as Costs

Chapter 22 of the Texas Code of Criminal Procedure regulates bond-forfeiture proceedings in the trial court. CODE CRIM. PROC. art. 22.01–.18. Pursuant to article 22.01, a bail is subject to forfeiture when a defendant bound by bail to appear fails to appear in any court when his appearance is required. *Id.* art. 22.01. After the

---

[4] Article 103.008 provides, in part, "On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs." TEX. CODE CRIM. PROC. ANN. art. 103.008(a).

–4–

name of the defendant is "called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made," judgment of forfeiture shall be entered entitling the State to recover the amount of the bond from the defendant and his sureties. *Id.* art. 22.02. While the judgment is rendered against the defendant and the surety, jointly and severally, the statute obligates the surety to pay all court costs. *Id.* art. 22.14.

It is well settled that bond–forfeiture cases are criminal matters, with final state–court jurisdiction vested in the Texas Court of Criminal Appeals. *Safety Nat'l Cas. Corp. v. State*, 305 S.W.3d 586, 588–90 (Tex. Crim. App. 2010). Bond–forfeiture proceedings, however, are governed by the rules governing civil suits. CODE CRIM. PROC. art. 22.10.[5]

The court of criminal appeals in *Dees* concluded that, at the trial level, civil cost of court may be collected in bond–forfeiture proceedings. *Dees v. State*, 865 S.W.2d 461, 462 (Tex. Crim. App. 1993). In *Safety National*, the court of criminal appeals answered the question of whether *civil appellate filing fee*s may be assessed in appeals from criminal bond–forfeiture proceedings, concluding they may not. *Safety Nat'l*, 305 S.W.3d at 590. As part of its analysis, the court examined article 44.44 of the code of criminal procedure, which governs appeals on forfeitures. *See*

---

[5] Article 22.10 provides "When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and, except as otherwise provided by this chapter, the proceedings had therein shall be governed by the same rules governing other civil suits." CODE CRIM. PROC. art. 22.10.

CODE CRIM. PROC. art. 44.44. In doing so, the court examined article 44.44's first iteration and compared it to the relevant fee statutes in effect at the time. *Safety Nat'l*, 305 S.W.3d at 588–90. It also considered the establishment and history of the court itself. *Id*.

Specifically, the court noted that the statutes mandating the assessment of civil appellate filing fees were not in effect when article 44.44's first predecessor was enacted. *Id.* And when the court of criminal appeals was created in 1876, article 2381 of the Texas Revised Civil Statutes allowed clerks of the court of appeals to receive the same fees allowed to the clerk of the Texas Supreme Court for like services and excluded the application of civil case fees in criminal cases heard by the court of criminal appeals. *Id.* at 589–590. This analysis led the court to conclude that court appellate filing fees cannot be assessed in appeals from bond–forfeiture proceedings, which are considered to be criminal, not civil, matters. *Id.* at 590.

While the propriety of assessing *civil court filing fees* in bond–forfeiture cases was not an issue in *Safety National*, the court expressly noted that its decision in *Safety National* did not conflict with its prior decision in *Dees*. *Id.* at 588–91. The court explained that although articles 22.10 and 44.44 each state civil rules govern bond-forfeiture cases, the *trial court fee statutes* in effect at the time article 22.10 was enacted "do not contain any provision restricting their application to civil cases." *Id.* at 590. Thus, it is apparent from the court's decision in *Safety National*, its discussion of *Dees* therein, and reference to trial court fee statutes, that the court

of criminal appeals considered *civil court filing fees* to be part of the "civil court costs."

In *Ranger*, this Court noted that the court of criminal appeals had spoken on the question of whether *civil court filing fees* are applicable in bond–forfeiture proceedings. *Ranger*, 312 S.W.3d at 269 (citing *Safety Nat'l*, 305 S.W.3d at 590–97; *Dees*, 865 S.W.2d at 426). We noted we had not been provided any authority suggesting the court of criminal appeals meant to exclude civil filing fees "to be collected on the filing of a civil case" when it held "civil court costs may be assessed in a bail bond forfeiture proceeding after entry of the judgment nisi." *Id.* at 270. And we concluded that the trial court did not err in denying Ranger's motion to retax costs to the extent it complained about the assessment of civil court filing fees. *Id.* at 270.

Continental urges us to overrule *Ranger* claiming this Court improperly expanded the holdings in *Dees* and *Safety National* and may have been influenced by the briefing in that case. While Continental's argument that the decision in *Ranger* may have been driven by the fact that the parties did not address the distinction between "filing fees" and "court costs" in their briefs is potentially persuasive, we are not empowered to deviate from *Ranger*'s holding absent an intervening change in the law by the legislature, further and contrary direction from the court of criminal appeals, or a contrary decision by this Court sitting *en banc*. *See e.g., MobileVision Imaging Servs., L.L.C. v. LifeCare Hosp. of N. Tex., L.P.*, 260

–7–

S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) (court may not overrule prior panel decision absent intervening change in law, higher court decision, or this court sitting en banc). Accordingly, we resolve Continental's issue in case number 05-20-01005-CV, the appeal of the trial court's judgment in cause number F18-18863-J, which was decided on the merits, against it.

## II. Jurisdiction[6]

As an initial matter, we note that in trial court cause numbers F17-59990-I, F17-59991-I, and F17-59992-I, which were before the same trial court, the State's pleas were expressly granted on the basis of lack of plenary power. In the remaining case that was resolved on jurisdictional grounds, trial court cause number F18-41976-U, the trial court did not state the basis for its ruling. Thus, our discussion of potential grounds for granting the State's plea in addition to lack of plenary power, while necessary, will be limited to the appeal of the trial court's decision in cause number F18-41976-U.

### A. Article 103.008 of the Texas Code of Criminal Procedure

As to each of the cases before us on the grant of the State's plea to the jurisdiction, we consider whether article 103.008 of the code of criminal procedure is a vehicle through which Continental may challenge the assessment of civil court filing fees as costs against it. Article 103.008 provides:

---

[6] We review the trial court's ruling on a plea to the jurisdiction *de novo* if, as here, the jurisdictional facts are undisputed. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

> (a) On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.
>
> (b) The defendant must notify each person affected by the correction of costs in the same manner as notice of a similar motion is given in a civil action.

CODE CRIM. PROC. art. 103.008. The questions presented here are whether article 103.008 applies in bond-forfeiture proceedings and, if so, whether Continental is a "defendant" under article 103.008. Continental contends the statute applies in bond-forfeiture proceedings and it is a defendant entitled to utilize the statute to challenge the costs assessed, the State contends otherwise.[7] In resolving these questions, we find the analysis of our sister court in *Kubosh* and the plain language of the pertinent statutes to be instructive. *See Kubosh v. Harris Cnty.*, 416 S.W.3d 483, 486 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

In *Kubosh*, an appeal of a civil suit seeking injunctive and declaratory relief from the assessment of civil court filing fees in a bond-forfeiture case, the court concluded it lacked subject matter jurisdiction because the complaints arose in

---

[7] The State further suggests that the district clerk has an interest in collecting the fee and is thus a necessary party to Continental's fee challenge and that the proper course of action would be to bring a separate civil declaratory judgment action against the clerk. The State then concedes that this avenue has failed in the past and is now subject to *stare decisis*. See, for example, *Kubosh* in which the court's holding explains that the plaintiff sureties procedurally erred in bringing their case as a declaratory judgment action and that they should have brought it as a direct appeal of the judgment or pursuant to article 103.008. *Kubosh*, 416 S.W.3d at 487. Moreover, the State's suggestion that lawmakers have an interest in Continental's challenge is based on its mischaracterization of Continental's complaint. Continental does not challenge the district clerk's ability to collect civil filing fees, it challenges the application of the fees to bond-forfeiture cases.

connection with a criminal case and should have been brought in a criminal court, as the cases before us have been, in the first instance. *See id.* Thus, the court concluded that the plaintiff–sureties procedurally erred in bringing their case as a declaratory judgment action and, citing articles 103.008 and 44.42 of the code of criminal procedure, indicated that a surety may directly challenge costs assessed in a bond forfeiture judgment through a motion to correct or retax costs in the criminal court hearing the request that the bond be forfeited, and through a direct appeal from the judgment assessing the fee as a court cost. *Id.* at 487; *see also* CODE CRIM. PROC. arts. 103.008 & 44.42 (providing for motion to correct court costs and for appeal of bond forfeiture judgment). Notwithstanding the *Kubosh* holding and Continental's status as a "defendant" below, the State urges article 22.10 precludes the use of article 103.008 because it provides bond–forfeiture proceedings are governed by rules applicable to other civil suits and article 103.008 is a procedure applicable to criminal suits. Notwithstanding article 22.10's dictate regarding the application of civil rules, a bond–forfeiture proceeding is still a criminal matter. *See Safety Nat'l*, 305 S.W.3d at 588–90. The application of civil "rules" does not transform a bond–forfeiture case into a civil "case," and article 22.10 does not repudiate the application of the substantive portions of the code of criminal procedure. Thus, we reject the State's argument that article 22.10 precludes application of article 103.008.

The State further argues that article 103.008 does not allow for the recovery of improperly imposed fees, but rather is limited to correction of clerical errors in

–10–

the computation of costs. The court of criminal appeals' decision in *Cardenas* establishes this argument is without merit. *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) (noting defendant has right to object to assessment of court costs set by statute for first time on appeal or in proceeding under article 103.008); *see also Johnson v. State*, 423 S.W.3d 385, 389, 395 (Tex. Crim. App. 2014) (recognizing defendant may challenge imposition of wrongly imposed costs on appeal or proceeding under article 103.008).

As to whether Continental is a "defendant" entitled to file a motion under article 103.008, we note that, pursuant to articles 22.02, 22.10, and 22.14 of the code of criminal procedure, Continental is specifically a named defendant in the bond–forfeiture proceeding and is obliged to pay under the judgment thus occupying the position of a defendant in the traditional sense. Moreover, in enacting article 103.008, the legislature was presumably aware of caselaw specifying that costs are a collateral matter to a judgment. *See Thompson v. Beyer*, 91 S.W.3d 902, 904–05 (Tex. App.—Dallas 2002, no pet.). This may explain why the legislature left open the possibility that the bonding party, as an obligor under the judgment, could be a "defendant" entitled to seek a correction of costs within one year of the final judgment. *Id.* (proceedings relating to costs collateral to merits and do not affect finality).

We conclude article 103.008 applies in bond–forfeiture proceedings and that Continental is a "defendant," within its use of that term, entitled to invoke it within

the time specified therein. Accordingly, we conclude the trial court erred in granting the State's pleas to the jurisdiction in trial court cause numbers F17-59990-I, F-17-59991-I, and F17-59992-I. We, therefore, sustain Continental's issues regarding the propriety of the trial court's grant of the State's pleas in those cases. To the extent the trial court in cause number F18-41976-U granted the State's plea on the basis of lack of plenary power, it erred in doing so.

### B. Mootness and Sovereign Immunity

In addition to its assertion the trial courts lacked plenary power to consider Continental's motions, the State urges that Continental's voluntary payment of the costs as assessed rendered the dispute about the propriety of assessing civil court filing fees moot and that, with the absence of duress, Continental cannot avoid the voluntary payment rule. In addition, the State, citing *Kubosh*, asserts sovereign immunity precludes Continental from seeking a refund of money paid. In response, Continental contends a justiciable controversy exists because it sought the recovery of the fees that were wrongfully assessed and that immunity from suit has been waived. As stated *supra*, the trial court in cause number F18-41976-U did not specify the grounds upon which it granted the State's plea to the jurisdiction. Thus, we address the State's mootness and immunity arguments as to that case. *See Garza v. Garcia*, 137 S.W.3d 36, 37 n.3 (Tex. 2004) (applying to pleas to jurisdiction general rule of affirming orders that do not specify grounds on any meritorious ground).

The issues of mootness and immunity are intertwined in the context in which they are presented here because while Continental paid the complained of fees, it seeks to recover same asserting they were improperly assessed and points out that if it did not pay the fees within thirty days of their assessment, it would be prohibited from writing bonds in Dallas County.[8]

It is important to note that claims for a refund are different than claims for money damages because due process requires that persons who have paid illegal or invalid taxes or fees under duress have some recourse to pursue recovery. *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 882 n.9 (Tex. 2005). Accordingly, a party who pays an illegal or invalid fee to a governmental unit under duress may seek a refund regardless of whether immunity has been waived. *Id.* at 877. Thus, if payment is made under duress the controversy is not mooted.

Historically, duress has been characterized as the result of threats which render persons incapable of exercising their free agency and which destroy the power to withhold consent. *Id.* However, the concept has been expanded to encompass business compulsion or economic duress, which has been characterized as implied

---

[8] The occupations code provides a person shall pay a final judgment on a forfeiture of a bail bond not later than the 31st day after the date of the final judgment unless a timely motion for a new trial has been filed. TEX. OCC. CODE ANN. § 1704.204(a). If a timely motion for a new trial or a notice of appeal has been filed, the person shall pay the judgment not later than the 31st day after the date the motion is overruled, if the motion is overruled; or deposit with the court cash or a supersedeas bond in the amount of the final judgment, if an appeal is filed. *Id.* If a bail bond surety fails to discharge the fees assessed in a bond forfeiture judgment as provided by section 1704.204(a), then the surety may not post bail until the judgment is satisfied. *Id.* § 1704.2535.

duress because the pressure to pay the fee or tax is indirect and flows from statutes or ordinances. *Id.* Fees or taxes have been held to be paid under implied duress when the choice becomes paying the illegal fee or tax and forfeiting one's livelihood, property, or right to do business. *Crow v. City of Corpus Christi*, 209 S.W.2d 922, 924–25 (Tex. 1948).

The State directs our attention once again to *Kubosh*. That case is, of course, distinguishable from the current cases in that it was a civil suit seeking injunctive and declaratory relief that the court found to be more properly directed to the motion practice Continental employed here. *See Kubosh*, 416 S.W.3d at 486. The court concluded that this was the exclusive remedy for challenging the fee and held that the trial court therefore did not have subject matter jurisdiction to hear the plaintiffs' claims for injunctive and declaratory relief challenging the fees they had paid. *Id.* at 490. Thus, the *Kubosh* court's immunity determination was made in the context of presuming a specific, statutory authorization by which bondsmen might challenge the assessment of costs. As noted, we agree.

Following the dictates in *Kubosh*, Continental did not seek a declaratory judgment but rather sought relief under the statute as authorized by the legislature. The judicial processes the *Kubosh* court identified as being available to the surety do not obviate the pressure to pay before those processes may be explored and exhausted. Under the State's argument, the surety faces the Hobson's choice of succumbing to the fee with no recourse or surrendering its ability to do business

–14–

while it challenges the propriety of same. We conclude under these circumstances, the payment is made under duress sufficient to invoke a waiver of immunity. Our conclusion is consistent with the entirety of statutory regimes that require payment of a tax as a prerequisite to judicial review of same. *See, e.g.*, TEX. TAX CODE ANN. §§ 25.26, 41.4115, 42.08 (forfeiture of remedy for nonpayment of taxes).

Moreover, it would appear that in enacting article 103.008, providing an avenue for the correction of any error in the costs, the legislature waived governmental immunity with respect to challenges to the costs imposed. *See* CODE CRIM. PROC. art. 103.008.

Because we conclude the State's plea in trial court cause number F18-4197-U is not sustainable on plenary power, mootness or immunity grounds, we sustain Continental's issue regarding the trial court's ruling on the State's plea to the jurisdiction in cause number F18-41976-U.

## CONCLUSION

We reverse the trial court's orders granting the State's pleas to the jurisdiction in cause numbers F17-59990-I, F17-59991-I, F17-59992-I and F18-41976-U and remand the cases to the trial courts for further proceedings consistent with this opinion.

We affirm the trial court's order denying Continental's motion to correct ordered costs in cause number F18-18863-J.

        /David J. Schenck/
        DAVID J. SCHENCK
        JUSTICE

210928F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL HERITAGE
INSURANCE COMPANY, AGENT
PAT KINNARD, D/B/A PAT
KINNARD BAIL BONDS,
Appellant

No. 05-20-00928-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-59990.
Opinion delivered by Justice
Schenck. Justice Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's order granting the State of Texas's plea to the jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of November 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL HERITAGE
INSURANCE COMPANY, AGENT
PAT KINNARD, D/B/A PAT
KINNARD BAIL BONDS,
Appellant

No. 05-20-00929-CV          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-59991.
Opinion delivered by Justice
Schenck. Justice Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's order granting the State of Texas's plea to the jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of November 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL HERITAGE
INSURANCE COMPANY, AGENT
PAT KINNARD, D/B/A PAT
KINNARD BAIL BONDS,
Appellant

No. 05-20-00930-CV V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-59992.
Opinion delivered by Justice
Schenck. Justice Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's order granting the State of Texas's plea to the jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of November 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL HERITAGE
INSURANCE COMPANY, AGENT
PAT KINNARD, D/B/A PAT
KINNARD BAIL BONDS,
Appellant

No. 05-20-01005-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 3, Dallas County, Texas
Trial Court Cause No. F18-18863.
Opinion delivered by Justice
Schenck. Justice Nowell
participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant's motion to correct ordered costs is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of November 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CONTINENTAL HERITAGE INSURANCE COMPANY, AGENT PAT KINNARD, D/B/A PAT KINNARD BAIL BONDS, Appellant

No. 05-20-01006-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st District Court, Dallas County, Texas Trial Court Cause No. F18-41976. Opinion delivered by Justice Schenck. Justice Nowell participating.

In accordance with this Court's opinion of this date, the trial court's order granting the State of Texas's plea to the jurisdiction is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of November 2022.